IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE | CHAPTER 13 |
| SABRINA VICTORIA CARR, | CASE NO. 13-72788-CRM |
| Debtor. | |
| FREEDOMROAD FINANCIAL, | |
| Movant, | |
| v. | CONTESTED MATTER |
| SABRINA VICTORIA CARR, Debtor; and NANCY J. WHALEY, Trustee, | |
| Respondents. | |

**OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**

COMES NOW (the "Movant"), a creditor of the referenced Debtor, and hereby moves this Court to deny confirmation of Debtor's Chapter 13 Plan. In support of its objection, the Movant shows the Court as follows:

1.

On October 18, 2013, Sabrina Victoria Carr ("Debtor") filed a Voluntary Petition pursuant to 11 U.S.C. Section 1301 et seq., and said case is presently pending before this Court.

2.

Movant has a net claim in this case in the approximate amount of $9,638.50 secured by a 2007 Ducati 1098 (VIN# ZDM1XBEW17B002075) (the "Collateral").

3.

Debtor's Chapter 13 Plan proposes to pay Movant's secured claim of $9,638.50 at $8,702.00 at 4.00% with payments of $50.00 per month pre confirmation adequate protection and $50.00 per month post confirmation payments until June 2014 when the payments will increase to $191.00 per month. Prior to the step increase, Debtor's attorney will receive $657.00 per

month, or 70% of all available funds paid into the plan while the attorney fees are being funded after confirmation.

4.

<u>Movant objects to the treatment of its claim in the proposed plan.</u>

The claim amount of $9,638.50 should be paid in full as the Collateral was purchased on January 20, 2012 within 910 days of filing. Movant is uncertain if the case will complete within term if the claim is paid correctly.

5.

<u>Pre and post confirmation payments need to at least be $191.00 per month at 7.25% interest.</u>

The Collateral is depreciating through use and over time and the Debtor is not adequately protecting Movant's interest in the Collateral.  Debtor is not proposing an appropriate pre-confirmation adequate protection payments in violation of 11 U.S.C. Section 1326(a)(1)(C).

Any increase in pre-confirmation adequate protection payments prior to Confirmation needs to be made to have the effect of being retroactive to the filing date to pay Movant the correct amount of adequate protection (i.e., a lump sum amount that will be enough to make up for the difference in adequate protection previously disbursed by the Trustee and what Movant is entitled to).

6.

<u>Payments to Movant must be equal every month after confirmation.</u>

Debtor's plan must comply with 11 U.S.C. §1325(a)(5)(B)(iii)(I) & (II).  The Bankruptcy Code, under 11 U.S.C. §1325(a)(5)(B)(iii)(I), provides that if the property to be distributed under the plan is in the form of periodic payments, such payments shall be in equal monthly amounts. 11 U.S.C. §1325(a)(5)(B)(iii)(II) provides that such payments shall not be less than an amount sufficient to provide to the holder of such claim adequate protection during the period of the plan.  Debtor's treatment of Movant's secured claim violates 11 U.S.C. §1325(a)(5)(B)(iii)(I) & (II) as payments to Movant are not in an equal amount and are not in an amount that is adequate.

7.

<u>At the very least, Debtor should be offering a prime + 3% risk factor, plus a point to make</u>

up for lost interest based on the trustee's method of accounting, or 7.25% interest.

Debtor is not providing Movant with an adequate enough risk factor. The prime rate of interest was 3.25% the month this case was filed. Moreover, as the value and interest listed in the plan will not actually be paid by the Chapter 13 Trustee due to their accounting methods, Movant requests an extra point of interest to make up for the lost interest.

8.

This case may not be feasible in contravention of 11 U.S.C. §1325(a)(6).
Debtor bears the burden of proving all elements of confirmation including the feasibility of this case and should be required to produce documents to support all income and expenses listed on Schedules I and J.

9.

This plan was proposed in bad faith in violation of 11 U.S.C. §1325(a)(3). The specific terms of the proposed plan itself are not proposed in good faith.

10.

Movant has no proof of full coverage insurance on the Collateral and is therefore not adequately protected.

WHEREFORE, the Movant prays that its Objection to Confirmation of Chapter 13 Plan be inquired into and sustained and that it has such other and further relief as this Court deems just and proper.

This October 30, 2013.

                              The Law Office of
                              LEFKOFF, RUBIN, GLEASON & RUSSO, P.C.
                              Attorneys for Movant

                              By:  /s/Andrew D. Gleason
                                    Andrew D. Gleason
                                    Georgia State Bar No. 297122

5555 Glenridge Connector
Suite 900
Atlanta, Georgia  30342
(404) 869-6900

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE | : | CHAPTER 13 |
| | : | |
| SABRINA VICTORIA CARR | : | CASE NO. 13-72788-CRM |
| | : | |
| Debtor. | : | |
| | : | |
| _____ | : | |
| FREEDOMROAD FINANCIAL, | : | |
| | : | |
| Movant, | : | |
| | : | |
| v. | : | CONTESTED MATTER |
| | : | |
| SABRINA VICTORIA CARR, Debtor; and NANCY J. WHALEY, Trustee, | : | |
| | : | |
| Respondents. | : | |
| | : | |

## CERTIFICATE OF SERVICE

The undersigned, Andrew D. Gleason, hereby certifies that I am, and at all times hereinafter mentioned, was more than 18 years of age, and that I served a copy of the OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN on the following by depositing same in the United States Mail in properly addressed envelopes with adequate postage to:

Sabrina Victoria Carr
10 Regency Road
Alpharetta, GA 30022

Melissa A. Herman
445 Creekstone Ridge
Woodstock, GA 30188

Nancy J. Whaley
Chapter 13 Trustee
Suite 120
303 Peachtree Center Avenue
Atlanta, GA 30303

    This October 30, 2013.

                The Law Office of
                LEFKOFF, RUBIN, GLEASON & RUSSO, P.C.
                Attorneys for Movant


                By:  <u>/s/Andrew D. Gleason</u>
                      Andrew D. Gleason
                      Georgia State Bar No. 297122

5555 Glenridge Connector
Suite 900
Atlanta, Georgia  30342
(404) 869-6900