UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN RE: : CHAPTER 13
SABRINA VICTORIA CARR : CASE NUMBER A13-72788-CRM
DEBTOR : JUDGE MULLINS

### CHAPTER 13 TRUSTEE'S OBJECTION TO CONFIRMATION AND MOTION TO DISMISS CASE

COMES NOW, Nancy J. Whaley, the Standing Chapter 13 Trustee herein, and objects to Confirmation of the plan for the following reasons:

1.

The Debtor's payments under the proposed plan are not current, thus indicating that this plan is not feasible.  11 U.S.C. Section 1325(a)(6).

2.

The plan as proposed will extend beyond sixty (60) months, contrary to 11 U.S.C. Section 1322(d).  (73 months).

3.

The Debtor has proposed to make payments directly to the Trustee but should be required to have them remitted by payroll deduction.

4.

The Trustee requests fair market value of one acre in Virgin Islands in order to determine the accuracy and veracity of the plan and/or Schedules.  11 U.S.C. Sections  521(1), 1325(a)(3), 1325(b)(1)(B).

5.

The Debtor proposes to pay the student loan creditor direct.  The Chapter 13 Trustee requests proof of post-petition student loan payments in order to determine feasibility of the plan pursuant to 11 U.S.C. Section 1325(a)(6).

6.

The Chapter 13 schedules fails to reflect the Debtor's contract income, thereby preventing the contribution of all projected disposable income to this plan in possible violation of 11 U.S.C. Section 1325(b)(1)(B).

7.

The Chapter 13 petition and schedules fail to disclose 2007 Ducati, in violation of 11 U.S.C. Section 521.

8.

Schedule B fails to correctly reference the total value of lawsuit which is the subject of this Chapter 13 estate.

9.

Debtor's Schedule I fails to accurately reflect campaign pledge, thereby preventing the Chapter 13 Trustee from determining the feasibility of the proposed plan in violation of 11 U.S.C. Section 1325 (a)(6).

10.

The Chapter 13 plan proposes to pay $4,500.00 to the Debtor's attorney for payment of attorney fees.  Due to the apparent lack of complexity of the case, the Trustee is unable to determine whether this is a reasonable fee and would request that Debtor's counsel appear at Confirmation and be prepared to present evidence to the Court regarding the reasonableness of the requested fee.

11.

The plan fails to correctly treat 2007 Ducati in violation of 11 U.S.C. Section 1302(b)(3).

WHEREFORE, the Trustee moves the Court to inquire into the above objections, deny Confirmation of the Debtor's plan, and to dismiss the case.

        Respectfully submitted,

        /s/
        Julie M. Anania, Attorney for Chapter 13 Trustee
        GA Bar No. 477064
        303 Peachtree Center Ave., NE, Ste 120
        Atlanta, GA  30303
        (678) 992-1201

*/kk*

## **CERTIFICATE OF SERVICE**

       This is to certify that I have this day served:

Debtor:
Sabrina Victoria Carr
10 Rengency Road
Alpharetta, GA 30022

Attorney for Debtor:
Herman & Russo, P.C.
445 Creekstone Ridge
Woodstock, GA 30188

with a copy of the foregoing Trustee's Objection by depositing in the United States Mail a copy of same in a properly addressed envelope with adequate postage thereon.

       THIS THE 27th day of November, 2013

/s/_____
Julie M. Anania,
Attorney for Chapter 13 Trustee
GA Bar No. 477064
303 Peachtree Center Ave., NE, Ste 120
Atlanta, GA  30303
(678) 992-1201